UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DUANE SPARKS,

        Plaintiff,                      Case No. 1:23-cv-639

v.                                     Honorable Paul L. Maloney

UNKNOWN GOODSPEED,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. The events about which he complains, however, occurred at the Oaks Correctional Facility (ECF) in Manistee,

Manistee County, Michigan. Plaintiff sues ECF Hearings Investigator Unknown Goodspeed. (Compl., ECF No. 1, PageID.1, 2.)

In Plaintiff's complaint, he alleges that on July 14, 2022, he was placed in segregation at ECF "for an unauthorized occupation of cell and an inmate on inmate fight." (*Id.*, PageID.3.) Subsequently, on July 28, 2022, non-party correctional officers Franks and Tighe "were escorting [Plaintiff] to [his] cell from the B-Lower shower." (*Id.*) The correctional officers placed Plaintiff in his cell and closed Plaintiff in the cell with his restraints on, which Plaintiff states "is the normal procedure." (*Id.*) Thereafter, the correctional officers opened the food slot, so they could remove Plaintiff's restraints, which Plaintiff states "is also normal procedure." (*Id.*) "[S]uddenly," Defendant Goodspeed "came from nowhere [and] approached [Plaintiff's] cell door, stuck his arm through the slot with a misconduct that did not belong to [Plaintiff] and aggressively grabbed and squeezed [Plaintiff's] buttocks towards the bottom between [Plaintiff's] legs." (*Id.*)

Plaintiff asked Defendant Goodspeed "why he did this and informed [Goodspeed] that the misconduct report did not belong to [Plaintiff]." (*Id.*, PageID.4.) Plaintiff states that non-party correctional officers Franks and Tighe were standing by Plaintiff's cell at the time, and "[t]hey responded as if they were shocked." (*Id.*) Plaintiff later wrote a Prison Rape Elimination Act grievance regarding the incident with Defendant Goodspeed. (*Id.*)

Based on the foregoing allegations, Plaintiff avers that Defendant Goodspeed violated his rights under the Eighth Amendment, as well as his right to equal protection under the Fourteenth Amendment. (*Id.*, PageID.5.) Plaintiff also states that Defendant Goodspeed's actions violated the MDOC's policies. (*See id.*, PageID.4.) As relief, Plaintiff seeks a declaratory judgment, as well as compensatory and punitive damages. (*Id.*, PageID.7.) Plaintiff also seeks $350.00 for fees and costs incurred by Plaintiff. (*Id.*)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

3

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

    A.    **Eighth Amendment**

Plaintiff alleges that Defendant Goodspeed violated his rights under the Eighth Amendment. (Compl., ECF No. 1, PageID.5.)

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).

"Federal courts have long held that sexual abuse is sufficiently serious to violate the Eighth Amendment[;] [t]his is true whether the sexual abuse is perpetrated by other inmates or by guards." *Rafferty v. Trumbull Cnty.*, 915 F.3d 1087, 1095 (6th Cir. 2019) (citations omitted); *Bishop v. Hackel*, 636 F.3d 757, 761 (6th Cir. 2011) (discussing inmate abuse); *Washington v. Hively*, 695 F.3d 641, 642 (7th Cir. 2012) (discussing abuse by guards). However, the United States Court of Appeals for the Sixth Circuit Court has held that even incidents of sexual touching coupled with sexual remarks may not rise to the level of an Eighth Amendment violation so long as the offensive conduct was "isolated, brief, and not severe[.]" *Rafferty*, 915 F.3d at 1095 (quoting *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005)); *see also, e.g.*, *Solomon v. Mich. Dep't of Corr.*, 478 F. App'x 318, 320–21 (6th Cir. 2012) (finding that two "brief" incidents of physical contact during pat-down searches, including touching and squeezing the prisoner's penis, coupled with sexual remarks, do not rise to the level of a constitutional violation); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (holding that male prisoner's claim that a

4

male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Jackson*, 158 F. App'x at 661 (concluding that "rubbing and grabbing [the inmate's] buttocks in a degrading and humiliating manner during a 'shakedown' in the prison food area" did "not rise to the level of cruel and unusual punishment under the Eighth Amendment").

In contrast, repeated and extreme incidents may sufficiently state a claim. For example, the Sixth Circuit found an Eighth Amendment violation when a male prison official sexually harassed a female prisoner by demanding on multiple occasions that the prisoner expose herself and masturbate while the official watched and intimidated her into complying. *Rafferty*, 915 F.3d at 1095–96. The *Rafferty* court noted that, in light of the coercive dynamic of the relationship between prison staff and prisoners, such demands amount to sexual abuse. *Id.* at 1096.

*Rafferty*, however, is distinguishable from Plaintiff's claim. Here, Plaintiff alleges that he had one interaction with Defendant Goodspeed on July 28, 2022, during which Defendant Goodspeed grabbed Plaintiff's buttocks when Goodspeed put his arm in Plaintiff's cell to give Plaintiff a misconduct report. (Compl., ECF No. 1, PageID.3.) Plaintiff does not allege that Defendant Goodspeed said anything when taking this action, and Plaintiff does not allege that Defendant Goodspeed knew that the misconduct report was not for Plaintiff at the time that he put the misconduct report in Plaintiff's cell. Although the incident occurred while Plaintiff was in his cell, Plaintiff states that two non-party correctional officers were present when the incident occurred. Unlike in *Rafferty*, Plaintiff's allegations do not suggest that the incident with Defendant Goodspeed occurred in a private or personal setting. (*See id.*)

Under the circumstances alleged by Plaintiff, Defendant Goodspeed's conduct, which occurred on one occasion, while offensive, does not evidence the sort of repeated, coercive sexual

5

demands at issue in *Rafferty*. As a result, the alleged sexual harassment falls short of the severity necessary to state an Eighth Amendment claim. *See Rafferty*, 915 F.3d at 1095–96. Accordingly, Plaintiff's Eighth Amendment claim against Defendant Goodspeed will be dismissed.

### B. Fourteenth Amendment Equal Protection Clause

Plaintiff next alleges that Defendant Goodspeed violated his right to equal protection under the Fourteenth Amendment. (Compl., ECF No. 1, PageID.5.)

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection claim, Plaintiff must show "intentional and arbitrary discrimination" by the state; that is, he must show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). Here, Plaintiff alleges in a conclusory manner that he has "not seen [Defendant Goodspeed] deal with other inmates in this way . . . ." (Compl., ECF No. 1, PageID.5.) But even the fact that Defendant has treated other inmates differently, standing alone, does not implicate equal protection rights; the other inmates must be similarly situated. "'Similarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'" *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)). Plaintiff pays lip service to this requirement when he states: "so in essence [Goodspeed] did not treat [Plaintiff] equal to other similar situations dealing with inmates." (Compl., ECF No. 1, PageID.5.) However, Plaintiff does

not allege that the other inmates were similarly situated in all relevant respects nor can the Court reasonably infer that the other inmates were similarly situated in all relevant respects from the facts alleged. Instead, Plaintiff's allegations of discriminatory treatment are wholly conclusory. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Furthermore, even viewing Plaintiff's equal protection claim as a class-of-one claim, the Court would reach the same conclusion. Plaintiff's equal protection claims are wholly conclusory.

Accordingly, the Court will dismiss Plaintiff's Fourteenth Amendment equal protection claim.

**C. Claims Regarding Violation of the MDOC's Policies**

Plaintiff also alleges that Defendant Goodspeed's actions violated the MDOC's policies. (*See* Compl., ECF No. 1, PageID.4.) Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertions that Defendant Goodspeed violated state law or the MDOC's policies fail to state a claim under § 1983.

Moreover, to demonstrate a violation of procedural due process, a plaintiff must prove the following elements: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Courts routinely have recognized that a prisoner does not enjoy any federally

protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001). Thus, Plaintiff's allegation that Defendant Goodspeed violated prison policy fails to raise a cognizable federal claim.

Furthermore, to the extent that Plaintiff intended to bring state law claims regarding the violation of the MDOC's policies, in determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Therefore, Plaintiff's state law claims will be dismissed without prejudice.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's state law claims will be dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over such claims.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not

be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: August 10, 2023  /s/ Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　United States District Judge